BARWICK *v.* GAST LITH. & ENG. CO., Limited.

(*Supreme Court, General Term, First Department.* October 24, 1890.)

1. SALE—CONTRACT—EVIDENCE.

In an action for the price of slats manufactured by plaintiff, and delivered to defendant, the controversy was as to the existence of a contract by defendant to receive and pay for the goods, the material testimony being given by plaintiff, and G., defendant's manager. They both agree that plaintiff was asked for and presented an estimate of the quantities, description, and prices of the slats. G. testified that the prices given were too high, and he refused to receive them. Plaintiff testified that he gave the bid to G., who asked how soon he could have them, and was answered, "Right away." He then asked how soon he could have some of them, and the answer was, "In two or three days;" and that G. then replied, "All right." *Held,* that this was sufficient to carry the case to the jury, and that their finding in plaintiff's favor would not be disturbed.

2. SAME—MODIFICATION OF CONTRACTS.

G. testified further that defendant obtained similar but better finished strips from another manufacturer at about half the price charged by plaintiff, and that when it was discovered that plaintiff had delivered his strips, and the company had received them by mistake, supposing they were delivered by the other party, plaintiff agreed to accept the same price as that paid to the other manufacturer. *Held,* that plaintiff's denial of making such an agreement rendered this part of the case, as well as the other, a matter of fact for the jury, and that their finding in favor of plaintiff would not be set aside.

Appeal from circuit court, New York county.

Action by William A. Barwick against the Gast Lithograph & Engraving Company, Limited. There was a verdict for plaintiff, and from the judgment entered thereon defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*William B. Ellison,* for appellant. *Charles S. Williams,* for respondent.

DANIELS, J. The verdict was recovered for the prices of slats or strips manufactured by plaintiff, and delivered to the defendant. The controversy did not extend to the fact that the strips had been manufactured and delivered, but it was confined to the existence of a contract by the defendant to receive and pay for them; and the material testimony on this controverted subject was given by the plaintiff himself, and Mr. Gray, the defendant's manager, and with whom the contract had been made, if it was made at all. They both agreed that the plaintiff was asked for and presented an estimate of the quantities, description, and prices of the strips; but Mr. Gray testified that the prices given were too high, and he refused to receive them. While

the plaintiff's version of what he stated was the final interview was that he gave the bid to Mr. Gray, who asked how soon he could have them, and was answered "Right away," he then asked how soon he could have some of them, and the answer was, "In two or three days;" and that Mr. Gray then replied, "All right." The plaintiff was several times interrogated concerning what was then said, without substantially varying his testimony, and this was sufficient to carry the case to the jury; for, if the conversation did terminate in this manner, the plaintiff could very well understand that he was to go on and furnish the strips. The final answer, "All right," was that the terms were satisfactory, and that the articles would be received, as they had been estimated. The jury surely was empowered so to construe what was said to have occurred. It was for them to consider and decide, in this conflict of statements, who was probably correct; and as they accepted that made by the plaintiff, they were justified in finding a verdict for him. At the close of his proof the defendant made a motion for a dismissal of the complaint, on the ground that the proof did not show that Mr. Gray had ordered the articles to be delivered. This was rightly denied, although in the denial the learned justice presiding understood the evidence to be that Mr. Gray had directed the plaintiff to go ahead and deliver the articles. For this misapprehension in no way entered into the submission of the case to the jury, and there is no reason for believing, as it was not again referred to, that it was participated in by the jury. Their verdict very probably proceeded upon the belief that Mr. Gray did finally answer, "All right," and intended the plaintiff to understand from the answer that he should make and deliver the strips, and that he had acted on that understanding.

Mr. Gray testified further that the company obtained similar but better finished strips from another manufacturer at about half the price charged by the plaintiff, and that when it was discovered that the plaintiff had delivered the strips made by him, and the company had received them by mistake, supposing they were delivered by the other party, an agreement was made by the plaintiff to accept the same price as that paid to the other manufacturer. This, however, was denied by the plaintiff, and that rendered this part of the case, as well as the other, a matter of fact for the jury to decide. Upon both branches they adopted the evidence of the plaintiff, and this court cannot hold that they have erred in doing so. The witnesses were before them, and their demeanor and apparent accuracy observed by them, and it was for them to say who was most worthy of credit. That they have now done, and this court has no right, as the case was presented, to say that they misapprehended the case. The judgment and order should be affirmed. All concur.